JOSEPH WOOD et al., Executors, Respondents, *v.* WILLIAM H. LUDLOW, Executor, etc., et al., Respondents.

SAME, Respondents, *v.* SAME, Appellants.

L., defendant's testatrix, in assignments of certain bonds and mortgages to W., plaintiffs' testator, guaranteed that the mortgaged lands were sufficient to satisfy the bonds at maturity, and covenanted to pay any deficiency. L. subsequently executed her bond to W., conditioned to pay the sum of $1,500 and any deficiency that might arise upon foreclosure of the assigned mortgages "as stipulated in the assignments." The bond stated, however, that it was understood the liability for the deficiency "by virtue hereof" should not exceed $3,500. After the execution of this bond, L. executed instruments in writing, extending her liability under the covenants of guaranty. In actions to foreclose the assigned mortgages, *held,* that the covenants of guaranty were not limited or affected by the bond, but remained in full force and effect.

(Submitted June 15, 1888; decided June 19, 1888.)

APPEAL from judgments of the General Term of the Supreme Court, in the second judicial department, entered upon orders made September 22, 1885, which modified and affirmed, as modified, judgments in favor of plaintiffs entered upon decisions of the court on trial at Special Term.

These actions were originally brought by John Wood, the present plaintiff's testator, to foreclose certain mortgages, which with the accompanying bonds were assigned to him by Frances L. Ludlow, testatrix of the defendant, William H. Ludlow.

The material facts are stated in the opinion.

*Jasper W. Gilbert* for appellants. Agreements will be taken more strictly against the promisor, and as to this arrangement plaintiff's testator was promisor. (*Marvin* v. *Stone*, 2 Cow. 781; *White* v. *Hoyt*, 73 N. Y. 515; *Paine* v. *Jones*, 75 id. 593.) There was an ample consideration for the accord. (*Boyd* v. *Hitchcock*, 20 Johns. 76; *Keeler* v. *Salisbury*, 33 N. Y. 648.) The bond was received in substitution for the covenants of guaranty. No other inference is compatible with the manifest object and intent of the party.

(*Frisbee* v. *Larned*, 21 Wend. 450, 453.) The defendant,. Ludlow's testatrix, was discharged by the extension of the time of payment of the bond and mortgage assigned if a valid and binding extension was given. (Pitman Pr. and S. 167.) If no binding agreement to extend time was made,. Mrs. Ludlow was discharged by the laches of plaintiffs' testator in giving time without a performance of the condition. upon which the consents therefor were granted. (*Toles* v. *Adee*, 91 N. Y. 562; *McMurray* v. *Noyes*, 72 id. 523.) Assuming that the executor of Mrs. Ludlow is a proper party, the judgment can merely establish the extent of his liability and order payment thereof in due course of administration.. (*Glacius* v. *Fogal*, 88 N. Y. 434.) The guaranties contained. in the assignment of the mortgage, and in Mrs. Ludlow's. bond, created distinct and different liabilities. (*McMurray* v. *Noyes*, 72 N. Y. 523; *Craig* v. *Parkis*, 50 id. 181.) The. judgment should be reversed and the complaint dismissed as. to Mrs. Ludlow's executor, without prejudice, etc. (Code Civ. Pro. § 1672; *Rhodes* v. *Evans*, 88 N. Y. 168.)

*A. A. Spear* for respondents. When the amount of the deficiency is once determined, the guaranty is a guaranty of payment and is absolute. The guarantor is then liable to pay upon default of the principal, without proof of demand or notice, and without exhausting the remedy against the principal debtor before proceeding against the guarantor. (*Allen* v. *Rightmere*, 20 John. 365; *Union Bank* v. *Coster*, 3 N. Y. 203; *Winchell* v. *Doty*, 15 Hun, 1; *Eneas* v. *Hoops*, 42 Supr. Ct. [J. & S.] 517; *Gilbert* v. *Wyman*, 1 N. Y. 550; *Rushmore* v. *Miller*, 4 Edw. 84; *Mann* v. *Eckford*, 15 Wend. 502; *Clark* v. *Burdett*, 2 Hall, 197; *Kemble* v. *Wallace*, 10 Wend. 374; *Morris* v. *Wasdworth*, 11 id. 100.) This contract is to be interpreted like any other commercial contract. (*Crist* v. *Burlingame*, 62 Barb. 351.) The covenant makes Mrs. Ludlow a guarantor of the bond in suit, and her separate . estate liable for any deficiency that may arise on the sale. (Code Civ. Pro. § 1627.) Having guaranteed payment

by a clause in her assignment of the bond to plaintiff, a personal judgment against her for any deficiency is proper. (*Ofpeer* v. *Burchell*, 19 Albany L. J. 57.) And that, too, whether the guaranty is absolute or conditional. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392.)

*Per Curiam.* Defendant's testatrix in assigning the bonds and mortgages, now being foreclosed in these actions, covenanted as follows, viz.: "*And I hereby guaranty that the mortgaged security is sufficient to satisfy the obligations of said bond at the maturity thereof, and do covenant and agree to pay the deficiency, if any, to the said party of the second part, or his assigns, hereby charging the same on my separate estate.*" The assignments were dated January 16, 1874, and June 20, 1874. On November 22, 1874, and before the assigned bonds became due, she and her husband, William H. Ludlow, made and delivered to plaintiff's testator their bond in the penal sum of $10,000, conditioned to pay the sum of $1,500 in one year and, further, to pay such deficiency as might arise on the foreclosure of the two mortgages in suit here (and upon another mortgage not now in question) "as stipulated" in the assignments of January sixteenth and June twentieth. The following clause was contained in this bond: "But it is understood that the liability of said Frances L. Ludlow and William H. Ludlow *by virtue hereof* for such deficiency on any or all of said described mortgages shall not exceed the sum of thirty-five hundred dollars." The bond was secured by a mortgage upon certain real estate. Before the maturity of the bonds and mortgages described in the complaints in these two actions, defendant's testatrix and her husband executed an instrument in writing, by which their liability under their covenants of guaranty should be continued for one year from the maturity of said bonds, and by similar instruments their liability on the covenants was continued to November 29, 1883. Before that date these actions were commenced for the foreclosure of the mortgages. The $1,500 secured by their bond was repaid and the sum of $3,500

was placed in the hands of the plaintiffs' attorney, who had commenced these foreclosure actions, and the bond and mortgage given to secure these sums were canceled and satisfied.

The defendants' claim is that the bond of Mrs. Ludlow and her husband, given to secure the sum of $5,000, on November 22, 1874, was substituted in the place of and superseded their covenants of guaranty contained in the assignments of the mortgages; that their liability upon those covenants was thereby limited to $3,500. Plaintiffs' testator refused to accept the $3,500 in discharge of that liability, and that sum still remains in the attorney's hands to be applied, according to the direction of the General Term modifying the decree at Special Term to that effect, to relieve defendant Ludlow *pro tanto* from any deficiencies arising upon sale of the mortgaged premises.

The sole question presented for review is whether the plaintiffs in foreclosure are entitled to a judgment against the defendant Ludlow for any deficiency arising upon the sale, or whether that defendant's liability is limited, by virtue of the agreement in the bond of November 22, 1874, to the said sum of $3,500. The learned justice at Special Term found that the said covenants were in full force and effect. In the careful opinion accompanying his decision, he held that the bond of November 22, 1874, was given as a collateral security to the extent of $3,500, and that the covenants in the assignments were never restricted.

The reading of the bond itself warrants that construction, and the oral testimony upon the trial sustains it. Nothing in the language of the bond limits the liability upon the covenants of guaranty, while it does distinctly provide that the obligors shall pay any deficiency, "as stipulated in the deeds of assignments," etc. These words, in connection with the subsequent extensions of the guaranty from time to time, are significant of an intention to keep in force the covenants themselves, and negative the idea of a substitution of the bond for them. The words "by virtue hereof," in the clause in the bond relating to the measure of liability, could only mean that the liability on that bond of the obligors, after repayment of the sum of

$1,500 intended to be secured thereby, was fixed at the sum of $3,500, which amount might be realized upon it and applied, if need be, towards discharging the still existing liability of the obligors on their covenants of guaranty. Such a construction accords with the weight of the evidence. While the testimony of William H. Ludlow is to the effect that the liability upon the covenants of guaranty was intended to be restricted by the bond of November 22, 1874, it is contradicted by that of plaintiffs' testator and of Griffing, the attorney who drew the bond. According to Griffing's evidence, the bond was drawn by him "in exact accordance with the instructions received from both parties at the time," and all the limitation spoken of was as to the liability on the new mortgage given to secure the bond. Plaintiffs' testator was present at the interview, which resulted in the execution of the new bond, and testified that it was proposed as a collateral security for the guaranty. The appellants claim that the guaranty was discharged by the fact that the assignee of the mortgages, plaintiffs' testator, gave time to the mortgagor without exacting a performance of the condition on which his assignor had consented to continue the liability on the covenants of guaranty. What is referred to as the condition was a proviso that the interest on the bonds and the taxes on the property should be paid as they became due. There is no force in this suggestion. This proviso relates to Wood's consent to extend the time of payment of the principal sum in the bonds and mortgages assigned to him. The agreement continuing the guaranty recites that extension, as based on such a condition, and Wood's evidence so explains it.

We think the judgments appealed from were right, and, under the stipulation of the parties, the judgments in actions Nos. 1 and 2 should be affirmed, with costs of the appeals to the respondents.

All concur.

Judgments affirmed.